J. L. DAWSON, Respondent, v. QUINCY, OMAHA & KANSAS CITY RAILROAD COMPANY, Appellant.

Kansas City Court of Appeals, November 1, 1909.

1. CARRIERS OF STOCK: Negligent Delay. The shipper is entitled to recover compensation for the actual loss he suffered on account of the negligent delay of the carrier.

2. ———: ———: Measure of Damages: Evidence. In an action to recover damages for negligent delay of a shipment of cattle, the price for which the cattle were sold is an indispensable fact in the chain of proof to determine the damages suffered by plaintiff.

Appeal from the Clinton County Circuit Court.—*Hon. A. D. Burnes*, Judge.

REVERSED AND REMANDED.

*H. T. Herndon & J. G. Trimble* for appellant.

The plaintiff demanded in his petition and was given judgment for the following item of damage: For decline in the market, $74.67, being fifteen cents on the hundred pounds. This evidence tends to show the decline alleged in the petition, but it does not show,

nor does it appear anywhere in the evidence, what the plaintiff actually sold his cattle for.

*Pross T. Cross* for respondent.

The principal point upon which appellant relies for a reversal of this case, is that there was no evidence as to what plaintiff sold his cattle for, and that therefore the jury could not allow him anything for a decline in the market. We do not think this point well taken. The evidence of plaintiff shows that he sold his cattle on October 8th, and that the best market price for that class of cattle on that date was $5.15 per hundred pounds and that the best market price on the preceding day, the 7th, was $5.30. Defendant was given the benefit of plaintiff having received the best market price on the date of sale, and it should not now be permitted to contend that plaintiff sold for less than the best market price prevailing on the date of sale. On appeal the presumption is in favor of the judgment, and it must stand unless it shall appear affirmatively that the judgment cannot be justified on any ground. O'Neal v. St. Louis, 8 Mo. App. 416. Errors in the conduct of a trial which were against the successful party are no grounds for a reversal. McFaddin v. Rippey, 8 Mo. 738. Error without prejudice is no ground for reversal. Kortjohn v. Seimers, 29 Mo. App. 271; Carder v. Primm, 64 Mo. App. 92; Green v. St. Louis, 106 Mo. 454; Comm. Co. v. Block, 130 Mo. 668; Edmonston v. Jones, 96 Mo. App. 83.

JOHNSON, J.—Plaintiff shipped two carloads of fat cattle over defendant's railroad from Trimble, Missouri, to the Union Stock Yards at Chicago. The shipment left Trimble in the afternoon of October 5, 1903, and did not arrive at its destination until the afternoon of October 7th—too late for the market of that day. Plaintiff alleges that in the ordinary course of

transportation the cattle should have reached the stock-
yards in time for sale on the market of October 7th
and that the delay was caused by the negligence of
defendant.  The evidence introduced by plaintiff tends
to prove these allegations.  A trial to a jury resulted in
a verdict and judgment for plaintiff in the sum of
$200.67, and the cause is here on the appeal of de-
fendant.

No point is made that the petition does not state
a cause of action or that the evidence of plaintiff is
not sufficient to take the case to the jury on the issue
of negligence, but it is argued by defendant that the
evidence of plaintiff fails completely to show that plain-
tiff suffered any damage on account of the delay and,
therefore, that he should not have been permitted to
recover more than nominal damages.

The petition alleges that plaintiff was damaged
$74.67 on account of depreciation in the market value
of cattle, $76.22 on account of loss in weight suffered
by the cattle from the negligent delay, $49.78 on ac-
count of the stale condition and appearance of the cattle
caused by the delay, and $5 on account of extra feed.
The last item appears to have been abandoned at the
trial.  On the measure of damages, the court, at the re-
quest of plaintiff, instructed the jury "that if they find
for the plaintiff they will assess his damages at such
sum as they may believe from the evidence he has sus-
tained, by reason of the negligent delay in shipping, as
follows:

*First.*  For any loss to plaintiff occasioned by any
decline in the market at Chicago, if any, between the
time plaintiff's cattle should have arrived and the time
they did arrive, provided you find from the evidence
said cattle did not arrive within a reasonable time, not
to exceed the amount sued for on that account, $74.67.

*Second.*  For any shrink in the weight of said
cattle, over and above the ordinary and usual shrinkage
of like cattle, from being shipped from the said station

of Quincy to Chicago, if any, over the road of the Chicago, Burlington & Quincy Railway, not to exceed the sum of $76.22.

*Third.* For any loss to plaintiff occasioned by the stale appearance of said cattle, if any, caused by such negligent delay, if any, on the part of and while on the road of Chicago, Burlington & Quincy Railway Company, in shipping not to exceed the sum of $49.78.

The whole amount of your verdict not to exceed the sum of $200.67.

It will be observed that the verdict of the jury was for the full amount of damages claimed by plaintiff. The rule for the measurement of damages in such cases is as stated in this instruction. The shipper is entitled to recover compensation for the actual loss he suffers on account of the negligent delay of the carrier. Such loss may consist of depreciation in market value; of loss in weight and of loss on account of the stale appearance of the animals. But the trouble with the plaintiff's case is that he has failed to adduce any evidence to support the first and third of the items claimed. Relative to the first, he testified:

"Q. Mr. Dawson, you say you sold your cattle on the 8th? A. The 7th. No, I sold them on the 8th; yes, sir.

"Q. State whether or not you are acquainted with the best market prices for cattle of the kind and character yours was in the Chicago market on the 8th day of October, 1903, the day on which you sold them? A. Well, there was a decline in the market.

"Q. I asked you if you were acquainted with the best price on the day you sold them? A. Five fifteen.

"Q. You are acquainted with the prices? A. Yes, sir.

"Q. What was it? A. Five fifteen.

"Q. Were you acquainted with the best market price for cattle of this kind and class on the 7th, the day before you sold them? A. Yes, sir.

"Q. What was it then? A. Five thirty."

But he does not state, nor does the record show at what price he sold his cattle. We are asked by counsel for plaintiff to assume that he sold them at the highest market price on the day of the sale. We cannot do this for the reason that we cannot say as a matter of law that he did not obtain a higher price. It devolved on him to prove his damages, and neither court nor jury have the right to indulge in speculation or inference to supply an indispensable fact in the chain of proof. And, further, should we assume that plaintiff sold at the highest market price for the class of cattle to which his belonged, then on what theory can the award of damages for the stale appearance of the animals be sustained. If the highest market value was realized, it is obvious no loss was incurred on account of their stale appearance, and that part of the verdict clearly was erroneous.

With reference to the third item plaintiff testified:

"Q. Are you acquainted with the effect it had on cattle, if any, such as these were, to keep them in cars for a long period of time and hold them over on the market? A. Yes, sir, it gives them a stale appearance. Their hair looks bad and it makes a difference in price."

It is not shown that the cattle in question were rendered stale by the delay or that plaintiff on such account was compelled to sell them for a less price than otherwise should have been received.

Thus it appears that with reference to the first and third items of damage, the verdict being wholly unsustained by evidence is the mere product of conjecture, and it follows that the judgment must be reversed and the cause remanded.

All concur.